## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

TONY JACKSON,

      Petitioner,

    v.                                                    Civ. No. 16-806 LH/GJF
                                                                          Crim. No. 99-381 LH

UNITED STATES OF AMERICA,

      Respondent.

### ORDER TO CURE DEFICIENCY

This matter is before the Court, *sua sponte*, under rule 4(b) of the Rules Governing Section 2255 Cases, on Petitioner Tony Jackson's Motion Pursuant to 28 U.S.C. § 2255.   [Civ. ECF No. 1; Crim. ECF No. 114]   Petitioner seeks a reduction in his federal sentence because two California felony convictions allegedly used to enhance his federal sentence have been reduced to misdemeanor convictions.   [Civ. ECF No. 1; Crim. ECF No. 114]   For the reasons explained below, the Court will order Petitioner to supplement his motion with documentation reflecting which of Petitioner's California felony convictions have been reduced to misdemeanor convictions and the date on which the reductions took place.

Petitioner pleaded guilty to possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B) and was sentenced to 262 months of imprisonment.   [Crim. ECF No. 65]   Final judgment on Petitioner's conviction and sentence was entered on February 9, 2001.   [Crim. ECF No. 65]

On February 1, 2002, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, alleging that his sentence violated *Apprendi v. New Jersey*, 530 U.S.

466 (2000) and that the enhancement of his sentence under the career-offender provision of the United States Sentencing Guidelines (USSG) was unlawful. [Crim. ECF No. 78; *see also Jackson v. United States of America*, 02-Civ.-00119-LH-DJS, ECF No. 1 (D.N.M. February 1, 2002)] The Court denied Petitioner's § 2255 motion and dismissed the civil proceeding with prejudice. [*Jackson*, 02-Civ.-00119-LH-DJS, ECF No. 11] Petitioner filed a notice of appeal in the United States Court of Appeals for the Tenth Circuit, which denied a certificate of appealability and dismissed the appeal. [Crim. ECF No. 85; *see also Jackson*, 02-Civ.-00119-LH-DJS, ECF No. 16]

On September 9, 2004, Petitioner filed a second § 2255 motion, which was transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. §§ 1631 and 2255(h). [Crim. Docs. 86, 89; *see also Jackson v. United States of America*, 04-Civ.-01018-LH-LAM, Docs. 1 and 4 (D.N.M. September 9, 2004)] The United States Court of Appeals for the Tenth Circuit denied Petitioner's motion for permission to file a second or successive § 2255 motion. *See Jackson v. United States of America*, 04-2308 (10th Cir. January 18, 2005) (unpublished).

On April 27, 2005, Petitioner filed a Motion for Relief From Judgment Pursuant to Rule 60(b)(4), contending that his conviction and sentence were unlawful pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). [Crim. ECF No. 90; *see also Jackson v. United States of America*, 05-Civ.-00478-LH-LCS, ECF No. 1 (D.N.M. April 27, 2005)]. Because the relief sought by Petitioner is only available under § 2255 and Petitioner "insist[ed] that his motion be construed under Fed. R. Civ. P. 60(b)," the Court denied Petitioner's motion. [Crim. ECF No. 92; *Jackson*, 05-Civ.-00478-LH-LCS, ECF No. 3]

On July 8, 2016, Petitioner filed the present § 2255 motion, which alleges that Petitioner's

sentence is unlawful because two California felony convictions used to enhance his sentence under the career-offender provision of the USSG have been reduced to misdemeanor convictions.[1] [Civ. ECF No. 1; Crim. ECF No. 114]   "A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [a panel of the appropriate court of appeals] has granted the required authorization."   *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). However, "[t]he term 'second or successive' is not defined in § 2255 or elsewhere in the [Antiterrorism and Effective Death Penalty Act (AEDPA)]."   *In re Weathersby*, 717 F.3d 1108, 1110 (10th Cir. 2013).   Although the term is not defined, it is clear "that it does not simply refer to every § 2255 motion filed second in time to a previous § 2255 motion."   *Id.* (citing *Panetti v. Quarterman*, 551 U.S. 930, 941 (2007) (holding that a state prisoner's claim was not ripe at the time he filed his first § 2254 petition, and therefore, his claim would not be considered "second or successive" under § 2244(b) if the prisoner asserted the claim in a later habeas petition once it became ripe)).

In *In re Weathersby*, the Tenth Circuit Court of Appeals considered Mr. Keith V. Weathersby's motion for authorization to file a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.   In his motion, Mr. Weathersby alleged that "after he filed his first § 2255 motion, he successfully attacked his six California convictions that were used in calculating his criminal history category for his federal sentence, and those state convictions

---

[1] The Court notes that Petitioner has filed a motion for permission to file a second or successive § 2255 motion in the United States Court of Appeals for the Tenth Circuit.   [Crim. ECF No. 113]   Specifically, Petitioner seeks permission to file a second or successive § 2255 motion raising a claim that the enhancement of his sentence under the career-offender provision of the USSG violates *Johnson v. United States*, 135 S. Ct. 2251 (2015).   Because the claim raised in Petitioner's motion for permission is different from the claim raised in the present § 2255 motion, the Court concludes that the motion for permission has no bearing on the present case.

have since been expunged." *Id.* at 1109.   Mr. Weathersby wished "to file another § 2255 motion

to reopen his federal sentence." *Id.*   The Court of Appeals observed that "'[i]f a Petitioner

successfully attacks state sentences, he may then apply for reopening of any federal sentence

enhanced by the state sentence.'" *Id.* at 1109-10 (quoting *United States v. Cox*, 83 F.3d 336, 339

(10th Cir. 1996)).   The Court noted that "[i]t is the fact of the state court vacatur that gives rise to

the federal claim" and, therefore, "relief under § 2255 is not available until the state conviction

used to enhance the federal sentence is vacated." *Id.* at 1110 (citing *Johnson v. United States*, 544

U.S. 295, 305 (2005)).   Because Mr. Weathersby had alleged in his motion that "the state court

did not vacate his convictions until after his first § 2255 proceedings were concluded, so the basis

for his proposed § 2255 claim did not exist when those proceedings were ongoing," the Court

concluded that "his claim to reopen his federal sentence based on the state court's vacatur is not

'second or successive' and does not require prior authorization." *Id.* at 1111.   Therefore, the

Court dismissed Mr. Weatherby's motion for authorization to file a second or successive § 2255

petition as unnecessary.   *Id.*

        In the present case, although Petitioner alleges that he "has successfully got his alleged

felony [convictions] converted into a misdemeanors pursuant to Proposition 47," [Civ. ECF No. 1

at 3; Crim. ECF No. 114 at 3] Petitioner fails to identify which of his California felony convictions

have been reduced to misdemeanors and the date on which the reductions took place.[2]   In the

absence of this information, the Court cannot determine whether the proceedings in his first § 2255

motion were complete prior to the state court action, whether the present § 2255 motion timely was

---

[2] Petitioner's § 2255 motion refers to two exhibits: "Exhibit 'A' . . . Case No. 64016524" and "Exhibit 'B' . . . Case No. A-743016," but no exhibits are attached to his motion.   [Civ. ECF No. 1 at 3; Crim. ECF No. 114 at 3]   The Court has reviewed the Presentence Report, which used three felony convictions to arrive at the career-offender enhancement under the USSG, two of which were felony convictions under California law.   However, neither of the two California felony convictions used to enhance Petitioner's sentence as a career-offender have the case numbers 64016524 or A-743016.

filed within one-year of the state court action, or whether the California felony convictions that were reduced to misdemeanor convictions actually were used to enhance Petitioner's federal sentence under the USSG.   *See In re Weathersby*, 717 F.3d at 1111; *see also Johnson v. United States*, 544 U.S. 295, 308 (2005) (holding that the one-year limitation to file a § 2255 motion begins to run from the date on which the petitioner receives notice of the state court action, provided that the petitioner acted diligently); *see also* footnote 2 of this Order.   Therefore, the Court will order Petitioner, within thirty (30) days of the date of this Order, to supplement his § 2255 motion with documentation reflecting which of his California felony convictions have been reduced to misdemeanor convictions and the date on which the reductions took place.   Failure to comply with this Order may result in the dismissal of Petitioner's § 2255 motion without further notice.

**IT IS THEREFORE ORDERED** that, **within thirty (30) days of the date of this Order**, Petitioner supplement his § 2255 motion with documentation reflecting which of his California felony convictions have been reduced to misdemeanor convictions and the date on which the reductions took place.

**IT IS SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE