# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                         No. CV 16-00806-LH-GJF
                                                                         No. CR 99-00381-LH

TONY JACKSON,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Cases, on Defendant Tony Jackson's Motion Pursuant to 28 U.S.C. § 2255. [CV Doc. 1; CR Doc. 114]   Defendant alleges that his federal sentence is unconstitutional because it was enhanced on the basis of two California felony convictions, which subsequently were reduced to misdemeanor convictions.  [CV Doc. 1; CR Doc. 114]   For the reasons explained below, Defendant's § 2255 motion will be dismissed, a certificate of appealability will be denied, and judgment will be entered.

On September 21, 2000, Defendant pleaded guilty to Count 2 of the Indictment charging him with possession with intent to distribute a quantity of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B).  [CR Doc. 55, 56]   The Presentence Report (PSR) determined that Defendant was a career offender under Section 4B1.1 of the United States

Sentencing Guidelines (USSG)[1] due to the following prior felony convictions:

> On June 1, 1989, the defendant was convicted in Los Angeles Superior Court, Case No. A985314 of Selling a Substance in lieu of Controlled substance, a felony.  He was sentenced to a period of three (3) years probation and forty-one (41) days in jail.  On July 29, 1994, the defendant pled guilty to Distribution of Cocaine in Bernalillo County District Court, Case No. CR93-646.  He was sentenced to a period of two (2) years imprisonment.  On November 16, 1993, the defendant was found guilty of Possession for Sale of Cocaine Base in Los Angeles County Superior Court, Case No. GA0116529.  He was sentenced to a period of two (2) years imprisonment.

[PSR at 11]   Because Defendant was designated as a career offender, his criminal history category was increased to Category VI and his offense level was increased to level 37. *See* USSG § 4B1.1 ("A career offender's criminal history category in every case shall be Category VI" and if the offense statutory maximum is life, then the offense level shall be 37).  Defendant's offense level was decreased to level 34 under USSG §§ 3E1.1(a) and 3E1.1(b)(2) for acceptance of responsibility, resulting in a guideline imprisonment range of two hundred sixty-two (262) to three hundred twenty-seven (327) months.   [PSR at 7, 11]

The Court adopted the findings in the PSR and sentenced Defendant to 262 months of imprisonment in the custody of the Bureau of Prisons, followed by ten years of supervised release.   [CR Doc. 65]   On February 9, 2001, the Court rendered judgment on Defendant's conviction and sentence.   [CR Doc. 65]

On February 1, 2002, Defendant filed a Motion to Vacate, Set Aside, or Correct

---

[1] The PSR used "[t]he 2000 edition of the Guidelines Manual" to calculate Defendant's sentence under the USSG. [PSR at 7]   Throughout this Memorandum Opinion and Order, all references to the USSG are to the 2000 version.

Sentence Pursuant to 28 U.S.C. § 2255, alleging that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and was improperly enhanced under the career offender provision in § 4B1.1 of the USSG. [CR Doc. 78; *see also Jackson v. United States*, 02-CV-00119-LH-DJS, Doc. 1 (D.N.M. February 1, 2002)] The Court denied Defendant's § 2255 motion and dismissed the civil proceeding with prejudice. [*Jackson*, 02-CV-00119-LH-DJS, Doc. 11] Defendant filed a notice of appeal in the United States Court of Appeals for the Tenth Circuit, which denied a certificate of appealability and dismissed the appeal. [CR Doc. 85; *see also Jackson*, 02-CV-00119-LH-DJS, Doc. 16]

On September 9, 2004, Defendant filed a second § 2255 motion, which was transferred to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. §§ 1631 and 2255(h). [CR Docs. 86, 89; *see also Jackson v. United States*, 04-CV-01018-LH-LAM, Docs. 1 & 4 (D.N.M. September 9, 2004)] The United States Court of Appeals for the Tenth Circuit denied Defendant's motion for permission to file a second or successive § 2255 motion. [*See Jackson*, 02-CV-00119-LH-DJS, Doc. 17].

On April 27, 2005, Defendant filed a Motion for Relief From Judgment Pursuant to Rule 60(b)(4), contending that his conviction and sentence were unlawful pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). [CR Doc. 90; *see also Jackson v. United States*, 05-CV-00478-LH-LCS, Doc. 1 (D.N.M. April 27, 2005)] Because the relief sought by Defendant only was available under § 2255 and Defendant "insist[ed] that his motion be construed under Fed. R. Civ. P. 60(b)," the Court denied Defendant's motion. [CR Doc. 92; *Jackson*,

05-CV-00478-LH-LCS, Doc. 3]

On July 8, 2016, Defendant filed the present § 2255 motion, which alleges that Defendant's sentence unlawfully was enhanced under the career offender provision of the USSG because two of his California felony convictions have been reduced to misdemeanor convictions. [CV Doc. 1; CR Doc. 114]   On July 21, 2016, the Court noted that, pursuant to *In re Weathersby*, 717 F.3d 1108 (10th Cir. 2013), the present § 2255 motion would not be "second or successive" if Petitioner's California felony convictions had been reduced to misdemeanor convictions after the proceedings in his first § 2255 were concluded, "so the basis for his proposed § 2255 did not exist when those proceedings were ongoing." [CV Doc. 4; CR Doc. 116]   However, Defendant's § 2255 motion failed to "identify which of his California felony convictions have been reduced to misdemeanors and the date on which the reductions took place." [*Id.*]   The Court noted that, "[i]n the absence of this information, the Court cannot determine whether the proceedings in his first § 2255 motion were complete prior to the state court action, whether the present § 2255 motion timely was filed within one-year of the state court action, or whether the California felony convictions that were reduced to misdemeanor convictions actually were used to enhance [Defendant's] federal sentence under the USSG." [*Id.*]   Therefore, the Court ordered Defendant to supplement his § 2255 motion "with documentation reflecting which of his California felony convictions have been reduced to misdemeanor convictions and the date on which the reductions took place." [*Id.*]

On July 29, 2016, Defendant complied with the Court's Order by submitting

documentation reflecting that his California felony conviction for possession of cocaine in Case No. GA016529 was reduced to a misdemeanor conviction on April 6, 2015. [CV Doc. 6; CR. Doc. 118] Defendant also submitted documentation reflecting that his California conviction for grand theft auto in Case No. A743016 was "reduced to a misdemeanor on the sentencing date of February 16, 1990." [CV Doc. 6; CR Doc. 118]

In the meantime, Defendant submitted a motion for permission to file a second or successive § 2255 motion in the United States Court of Appeals for the Tenth Circuit. Although Defendant initially sought authorization to file a second or successive § 2255 motion on the basis of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016), Defendant abandoned this claim "in favor of a claim that he no longer qualifies as a career offender because the two predicate felonies for his designation have been downgraded to misdemeanors" under California Proposition 47. [CV Doc. 5; CR Doc. 117] The Tenth Circuit dismissed Defendant's motion for permission as unnecessary because Defendant's § 2255 motion was not second or successive pursuant to *In re Weathersby*, since "the basis for his proposed § 2255 claim did not exist when his first § 2255 proceedings were ongoing." [*Id.*]

In light of the documentation submitted by Defendant and the Tenth Circuit's ruling on Plaintiff's motion for permission to file a second or successive § 2255 motion, the Court concludes that Defendant's § 2255 motion is not second or successive because his conviction in Case No. GA016529 was not reduced to a misdemeanor conviction until after the conclusion of proceedings on his first § 2255 motion. Accordingly, the Court has

jurisdiction to address the merits of Defendant's § 2255 motion.

To the extent that Defendant's § 2255 motion is predicated on the alleged reduction of his felony conviction in Case No. A743016, Defendant's motion lacks merit. First, the documentation submitted by Defendant reflects that his motion to reduce this felony conviction to a misdemeanor conviction was denied as moot, because Defendant's conviction in Case No. A743016 "was reduced to a misdemeanor on the sentencing date of February 16, 1990." [Doc. 6 at 3] Second, Defendant's conviction in Case No. A743016 was not used to enhance his federal sentence under the career offender provision of the USSG.[2] Rather, Defendant's sentence was enhanced on the basis of the following three felony convictions: (1) a California conviction for Selling a Substance in lieu of Controlled Substance in Case No. A985314; (2) a New Mexico conviction for Distribution of Cocaine in Case No. CR93-646; and (3) a California conviction for Possession for Sale of Cocaine Base in Case No. GA0116529. [PSR at 11] Therefore, it plainly appears from Defendant's motion, the supplemental documentation, and the record that Defendant is not entitled to relief on this claim.

---

[2] The Court recognizes that Defendant's conviction in Case No. A743016, as well as his conviction in Case No. GA016529, were used to calculate Defendant's criminal history points under USSG § 4A1.1. [*See* PSR at 9-10 (adding one criminal history point for Defendant's conviction for Grand Theft Auto in Case No. A743016 and adding three criminal history points for Defendant's conviction for Possession of Cocaine in Case No. GA016529] However, the calculation of criminal history points does not depend on the designation of a prior conviction as a felony or a misdemeanor; rather it depends on the length of the sentence imposed.  *See* USSG §§ 4A1.1, cmt. background ("To minimize problems with imperfect measures of past crime seriousness, criminal history categories are based on the maximum term imposed in previous sentences rather than on other measures, such as whether the conviction was designated as a felony or misdemeanor."). Therefore, the reduction of Defendant's prior felony convictions to misdemeanor convictions would not affect the calculation of Defendant's criminal history points under § 4A1.1. Regardless, in the present case, the calculation of Defendant's criminal history points did not affect the length of his federal sentence, because Defendant was designated as a career offender and, therefore, placed in the highest criminal history category of VI.  *See* PSR at 10-11 (noting that Defendant's 12 criminal history points placed him in criminal history category V, but reclassifying Defendant in criminal history category VI because he was designated as a career offender).

The record reflects, however, that Defendant's federal sentence was enhanced under the career offender provision of the USSG, in relevant part, on the basis of his California felony conviction for Possession for Sale of Cocaine Base in Case No. GA0116529. [PSR at 11]  Furthermore, it appears that Defendant filed a petition in the Superior Court of California, County of Los Angeles, to have his felony conviction in Case No. GA0116529 reduced to a misdemeanor conviction pursuant to California Proposition 47, and that Defendant's petition was granted on April 6, 2015. [Doc. 6 at 1]  Therefore, "Defendant's felony conviction is designated a misdemeanor conviction" under California law. [Doc. 6 at 2]

To determine whether the enhancement of Defendant's federal sentence under the career offender provision of the USSG is unlawful, the Court turns to the text of § 4B1.1, which provides, in relevant part, as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

§ 4B1.1. The term "prior felony conviction" "means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." § 4B1.2, Application Note 1.

The Court concludes that Defendant was properly sentenced as a career offender

under § 4B1.1, despite the reduction of his felony conviction in Case No. GA011659 to a misdemeanor conviction. First, the designation of an offense as a felony or a misdemeanor under state law is irrelevant to the determination of whether an offense qualifies as a "prior felony conviction" under § 4B1.1—all that matters is whether the offense "is punishable by death or imprisonment for a term exceeding one year." § 4B1.2, Application Note 1; *Hirman v. United States,* 613 F.3d 773, 776 (8th Cir. 2010) (holding that the subsequent reduction of a defendant's felony conviction to a misdemeanor conviction under state law did not invalidate the enhancement of defendant's sentence as a career offender under § 4B1.1, because the focus is on "the prison sentence that *may* be imposed, not on whether the state labels the crime a misdemeanor or felony") (emphasis in original; internal quotation marks and citation omitted); *United States v. Boyd*, 153 F.3d 728 (10th Cir. 1998) (holding that "it was not plain error for the district court to conclude that, for federal sentencing purposes, if a controlled substance offense is punishable by imprisonment for more than one year, it is a felony even if it is considered a misdemeanor in the jurisdiction imposing the conviction") (unpublished table decision). In the present case, Defendant was convicted of Possession for Sale of Cocaine Base in violation of California Health & Safety Code § 11350, for which Defendant could have been, and indeed was, sentenced to a term of imprisonment in excess of one year. [*See* PSR at 10, 11 (noting that Defendant received a two-year term of imprisonment)] Therefore, the Court concludes that Defendant's conviction in Case No. GA011659 qualifies as a "prior felony conviction" for the purpose of the career offender enhancement in § 4B1.1.

In any event, a defendant need only have two prior felony convictions to qualify for the career offender enhancement in § 4B1.1. Even if the Court were to disregard Defendant's felony conviction in Case No. GA0116529, Defendant nonetheless has two remaining prior felony convictions: (1) a California conviction for Selling a Substance in lieu of Controlled Substance in Case No. A985314; and (2) a New Mexico conviction for Distribution of Cocaine in Case No. CR93-646. [PSR at 11] Because these two prior felony convictions, standing alone, are sufficient to support the enhancement of Defendant's sentence as a career offender under § 4B1.1, Defendant plainly is not entitled to relief under § 2255.

For the foregoing reasons, Defendant's Motion Pursuant to 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 114] will be dismissed with prejudice. Additionally, the Court determines, under rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, that Defendant has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). Therefore, the Court will deny a certificate of appealability and judgment will be entered.

IT IS THEREFORE ORDERED that Defendant's Motion Pursuant to 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 114] is DISMISSED with prejudice;

IT IS FURTHER ORDERED that a certificate of appealability is DENIED; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE